UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00212-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **YAMPIER DUARTE LAITANO,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Return Time Awaiting Extradition. In relevant part, defendant states that he is entitled to receive credit for 30 spent in a Panamanian jail awaiting extradition and that the Bureau of Prisons has declined to credit him with such time in calculating this Court's sentence. Defendant is housed at Rivers Correctional Institution, a private BOP facility in the Eastern District of North Carolina.

A challenge to the computation of a sentence must be brought in the district of confinement, not the sentencing district. See United States v. Miller, 871 F.2d 488 (4th Cir. 1989). As the Miller panel noted:

> A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. *See United States v. Brown,* 753 F.2d 455 (5th Cir. 1985).

Miller, 871 F.2d at 490 (emphasis added). While this Court believes strongly that a person convicted of an offense should receive full credit for time served, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the

1

BOP) who is responsible in the first instance for computing credit under § 3585(b). Id. at 334-35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334.

If defendant is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies and only then may he file a §2241 petition in the district of confinement, which is the Eastern District of North Carolina. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, an inmate may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 in the district of confinement. Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992).

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from this Court in his *pro se* letter (#72), such relief is **DENIED** without prejudice as to filing an appropriate motion in the district of confinement after exhaustion of administrative remedies. The district in which defendant is confined is the Eastern District of North Carolina.

Signed: March 8, 2018

Max O. Cogburn Jr
United States District Judge

2